## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Hillcrest Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-CV-2387 JAR/DJW |
| v. | ) | |
| | ) | |
| Craig J. Millard and | ) | |
| Charles L. Castor, Jr. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ANSWER AND COUNTERCLAIMS OF
### SEPARATE DEFENDANT CRAIG J. MILLARD

COMES NOW Defendant Craig J. Millard, by and through counsel of record, and for his answer to Plaintiff's Complaint, states as follows:

1.      Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 1 of plaintiff's Complaint, and the same therefore should be deemed denied.

2.      Mr. Millard admits that he does not reside in Kansas.  Mr. Millard denies the remainder of the averments in paragraph 2 of plaintiff's Complaint.

3.      Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in paragraph 3 of plaintiff's Complaint, and the same therefore should be deemed denied.

4.      Admitted.

5.     Mr. Millard admits only that he is subject to personal jurisdiction in the State of Kansas.  Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 5 as they relate to defendant Charles L. Castor.

6.     To the extent the allegations of paragraph 6 of plaintiff's Complaint concern himself, Mr. Millard admits that venue may be established in this Court, but contends that venue should be transferred to the U.S. District Court for the Southern District of Texas, Corpus Christi Division, in the interest of justice and for the convenience of the parties pursuant to 28 U.S.C. § 1404.  Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 6 as they relate to defendant Charles L. Castor.

7.     Mr. Millard denies that Hillcrest executed the Loan Agreement (as such term is defined in plaintiff's Complaint), admits that G&H Beach Development, Ltd. ("G&H") executed the Loan Agreement, and otherwise avers that the Loan Agreement speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

8.     Admitted.[1]

9.     Mr. Millard admits that G&H executed the First Note (as such term is defined in plaintiff's Complaint), but otherwise avers that the Loan Agreement and the First Note speak for themselves.  Mr. Millard denies any allegation that conflicts with the same.

10.    Admitted.

---

[1]The documents plaintiff originally labeled as Exhibits A, B, and C and filed with its Complaint did not correspond to the descriptions plaintiff provided for such exhibits in the Complaint.  Plaintiff has since corrected this error and substituted other documents as Exhibits A, B, and C in the Court's record.  Accordingly, when responding to allegations referencing Exhibits A, B, or C, Mr. Millard intends to refer only to the new exhibits that were substituted and not the prior version of these exhibits.

11.     Mr. Millard admits that he executed the First Guaranty Agreement (as such term is defined in plaintiff's Complaint), but otherwise avers that the First Guaranty Agreement speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

12.     Admitted.

13.     Mr. Millard admits that he executed the Completion Guaranty, and avers that the Completion Guaranty speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

14.     Mr. Millard avers that the First Note speaks for itself.

15.     Mr. Millard admits the execution of ten modifications to the Loan Agreement, and avers that the modifications speak for themselves.  Mr. Millard denies any allegation that conflicts with the same.

16.     Admitted.

17.     Admitted.

18.     Mr. Millard admits that G&H executed the Second Note (as such term is defined in Plaintiff's complaint), and avers that the Second Note speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

19.     Admitted.

20.     Mr. Millard admits that he executed the Second Guaranty Agreement (as such term is defined in Plaintiff's complaint), and avers that the Second Guaranty Agreement speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

21.     Admitted.

22.     Mr. Millard avers that the Second Note speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

23.     Admitted.

24.     Mr. Millard admits that G&H has not repaid the amounts it received pursuant to the First Note and Second Note.  Mr. Millard further responds that these notes speak for themselves.  Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the remaining averments in paragraph 24 of plaintiff's Complaint, and the same therefore should be deemed denied.

25.     Plaintiff's averment in Paragraph 25 states a legal conclusion for which no response is required.

26.     Plaintiff's averments in Paragraph 26 state a legal conclusion for which no response is required.  Mr. Millard further responds that the Notes and Loan Agreement speak for themselves and denies any allegation that conflicts with same.

27.     Mr. Millard admits that G&H executed the Deed of Trust (as such term is defined in Plaintiff's complaint), and avers that the Deed of Trust speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

28.     Admitted.

29.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 29 of plaintiff's Complaint, and the same therefore should be deemed denied.

30.     Mr. Millard admits that G&H executed the Supplemental Deed of Trust (as such term is defined in Plaintiff's complaint), and avers that the Supplemental Deed of Trust speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

31.     Admitted.

32.     Mr. Millard admits that the Mortgage Property includes real estate commonly referred to as the Newport Dunes Golf Course, but avers that the Deed of Trust and the

Supplemental Deed of Trust speak for themselves.  Mr. Millard denies any allegation that conflicts with the same.

33.     Mr. Millard admits that G&H executed the December 2008 Deed of Trust (as such term is defined in Plaintiff's complaint), and avers that the December 2008 Deed of Trust speaks for itself.  Mr. Millard denies any allegation that conflicts with the same.

34.     Admitted.

35.     Mr. Millard avers that the Deeds of Trust speak for themselves, and denies any allegation that conflicts with the same.

36.     Mr. Millard avers that the Deeds of Trust speak for themselves, and denies any allegation that conflicts with the same.

37.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 37 of plaintiff's Complaint, and the same therefore should be deemed denied.

38.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 38 of plaintiff's Complaint, and the same therefore should be deemed denied.

39.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 39 of plaintiff's Complaint, and the same therefore should be deemed denied.

40.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 40 of plaintiff's Complaint, and the same therefore should be deemed denied.

41.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 41 of plaintiff's Complaint, and the same therefore should be deemed denied.

42.     Mr. Millard incorporates herein by reference his responses set forth in paragraphs 1 through 41 above as though set forth fully herein.

43.     Denied.

44.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 44 of plaintiff's Complaint, and the same therefore should be deemed denied.

45.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 45 of plaintiff's Complaint, and the same therefore should be deemed denied.

46.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 46 of plaintiff's Complaint, and the same therefore should be deemed denied.

47.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 47 of plaintiff's Complaint, and the same therefore should be deemed denied.

48.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 48 of plaintiff's Complaint, and the same therefore should be deemed denied.  Mr. Millard further responds that such allegations, to the extent they are legal conclusions, need not be admitted or denied.

49.     Mr. Millard avers that paragraph 49 is a legal conclusion for which no response is required.  Mr. Millard further responds that the First Guaranty Agreement speaks for itself, and denies any allegation that conflict with the same.

50.     Mr. Millard incorporates herein by reference his responses set forth in paragraphs 1 through 49 above as though set forth fully herein.

51.     Denied.

52.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 52 of plaintiff's Complaint, and the same therefore should be deemed denied.

53.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 53 of plaintiff's Complaint, and the same therefore should be deemed denied.

54.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 54 of plaintiff's Complaint, and the same therefore should be deemed denied.

55.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 55 of plaintiff's Complaint, and the same therefore should be deemed denied.

56.     Mr. Millard lacks knowledge or information sufficient to form a belief about the truth of the averments in paragraph 56 of plaintiff's Complaint, and the same therefore should be deemed denied.  Mr. Millard further responds that such allegations, to the extent they are legal conclusions, need not be admitted or denied.

57.     Mr. Millard avers that paragraph 57 is a legal conclusion and therefore need not be admitted or denied.

58.     All averments not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

59.     Plaintiff's claims are barred, in whole or in part, due to its failure to mitigate damages.

60.     Plaintiff's claims are barred, in whole or in part, by the doctrine of promissory estoppel.

61.     Plaintiff's claims are barred, in whole or in part, because plaintiff is not the real party in interest.

62.     Plaintiff's claims are barred, in whole or in part, because plaintiff breached its duty to exercise good faith and fair dealing under the Loan Agreement.

63.     The court should deny plaintiff the relief it seeks due to plaintiff's failure to join persons needed for just adjudication.

64.     Mr. Millard reserves the right to assert such other and further affirmative defenses as may become known to him during the duration of the above-captioned litigation.

## COUNTERCLAIMS

### Joinder

65.     Pursuant to Federal Rule of Civil Procedure 19 and/or 20, Mr. Millard intends to move for leave to join Stephen Seat and Tim Gervy as an individual counterclaim defendants in this action and may also seek leave to join Hillcrest Bank, N.A. and/or the Federal Deposit Insurance Corporation.

### Background Facts

66.     On or about March 24, 2008, in connection with a modification of the Loan Agreement, Mr. Millard and his wife, Michele A. Millard, executed a mortgage in favor of plaintiff Hillcrest Bank, which created a lien on a residence located at 43 Cliff Avenue, Newport,

Rhode Island (hereinafter the "Newport Estate"), which Mr. and Mrs. Millard own.  Mr. Millard

provided the mortgage as additional security for G&H's indebtedness evidenced by the First

Note.  The mortgage was subsequently modified by agreement in connection with the execution

of the Second Note.

67.    As of December 2009, Hillcrest's lien on the Newport Estate was subject to other

liens that stood in a position of priority to Hillcrest's lien.

68.    In the fall of 2009 and continuing into early January 2010, Hillcrest, through its

agents Stephen Seat and Tim Gervy, engaged in multiple communications with Mr. Millard

regarding an extension of the maturity dates under the Notes.  On more than one occasion during

this time period, Mr. Seat represented to Mr. Millard that Hillcrest would extend the term of

Notes if Mr. Millard and G&H improved Hillcrest's lien position on the Newport Estate and

achieved a specified velocity of contracts for sales.

69.    To obtain sufficient available funds to extinguish the liens that stood in priority

behind the first lien on the Newport Estate and in front of Hillcrest's lien, Mr. Millard took

immediate aggressive action to market and sell his primary residence in Palm Beach, Florida

(hereinafter the "Palm Beach Estate"), which was on the market but had not yet sold.  Mr.

Millard was able to locate a buyer for his home, but the necessarily abbreviated marketing period

caused Mr. Millard and his wife to sell the Palm Beach Estate at a price that was significantly

lower than fair market value.

70.    Mr. Millard's actions in immediately finding a buyer for the Palm Beach Estate

were taken with the knowledge and approval of Mr. Gervy, Mr. Seat, and Hillcrest Bank.

71.    Mr. Millard then took action through an affiliated company to purchase the

second-priority notes in an amount exceeding $5 million, so that he could satisfy Hillcrest Bank's

demand that he and G&H improve Hillcrest's priority position with respect to its lien on the Newport Estate.

72.     In addition, G&H achieved the velocity of sales contracts that Mr. Gervy, Mr. Seat, and Hillcrest had requested in their discussions with Mr. Millard regarding the extension of the Notes' maturity dates.

73.     After Mr. Millard took action to purchase the second-priority notes and attained Hillcrest's sales velocity demands, Mr. Millard informed Mr. Seat that he had achieved Hillcrest's objectives.  Mr. Millard further informed Mr. Seat that he stood ready and able to take action to cause Hillcrest's liens on the Newport Estate to improve to a second priority position. Mr. Seat's response made it clear that he and Hillcrest had intended that Mr. Millard would have already taken the final step of placing Hillcrest in second position prior to further discussions regarding the extension of the Notes' maturity date.

74.     After this conversation, Hillcrest withdrew from further communications with Mr. Millard and G&H.  In addition, contrary to its representations to Mr. Millard, Hillcrest has not extended the Notes' term.

## COUNT I - NEGLIGENT MISREPRESENTATION

75.     Paragraphs 65 through 74 above are hereby restated and incorporated by reference.

76.     Hillcrest, in the course of its business, and Mr. Seat and Mr. Gervy, in the course of their employment, made false representations to Mr. Millard for the guidance of Mr. Millard in his business transactions.  Those representations included, among other things and without limitation, that G&H could obtain an extension of the First Note if Mr. Millard and G&H improved Hillcrest's lien position on the Newport Estate and achieved a certain velocity of sales contracts.

77.     Hillcrest, Mr. Gervy, and Mr. Seat failed to exercise reasonable care or competence in obtaining and/or communicating the false information.

78.     Mr. Millard justifiably relied on the statements of Hillcrest, Mr. Gervy, and Mr. Seat and suffered damages thereby.

## COUNT II - FRAUD

79.     Paragraphs 65 through 78 above are hereby restated and incorporated by reference.

80.     Hillcrest, Mr. Gervy, and Mr. Seat made false promises to Mr. Millard, including, among other things and without limitation, that Hillcrest would extend the term of the Notes if Mr. Millard and G&H improved Hillcrest's lien position on the Newport Estate and achieved a certain velocity of sales contracts.

81.     On information and belief, Hillcrest, Mr. Gervy, and Mr. Seat had no intention of performing their promises at the time they were made.

82.     On information and belief, Hillcrest, Mr. Gervy, and Mr. Seat made the promises with the intent to deceive and for the purpose of inducing Mr. Millard to act upon the promise.

83.     Mr. Millard reasonably relied and acted upon the promises by, among other things, taking action toward enabling Hillcrest's lien on the Newport Estate to move into second priority position.

84.     Mr. Millard sustained damages through its reliance upon the promises of Hillcrest, Mr. Gervy, and Mr. Seat.

## COUNT III - BREACH OF CONTRACT

85.     Paragraphs 65 through 84 above are hereby restated and incorporated by reference.

86.     Mr. Millard had business and contractual dealings with Hillcrest regarding the negotiation of an extension of the Notes' term.  Implied in those dealings was a covenant of good faith and fair dealing.

87.     The conduct of Hillcrest described herein violates Hillcrest's duty of good faith and fair dealing.

88.     Hillcrest's breach caused Mr. Millard to suffer loss, for which he seeks damages.


WHEREFORE, Mr. Millard prays that the plaintiff take nothing by its Complaint, that judgment be entered in his favor and against plaintiff on his counterclaims, that the costs of this action be taxed to plaintiff, and for such other and further relief to which he may justly be entitled.


## DEMAND FOR TRIAL BY JURY

Defendant hereby makes demand for trial by jury of all issues raised in this action.

Respectfully submitted,


By   s/ Catherine C. Theisen
      Terrence J. Campbell  KS # 18377
        tcampbell@barberemerson.com
      Catherine C. Theisen  KS # 22360
        ctheisen@barberemerson.com

      of BARBER EMERSON, L.C.
      1211 Massachusetts Street
      P.O. Box 667
      Lawrence, KS   66044
      Tele:   (785) 843-6600
      Fax:    (785) 843-8405

      Attorneys for Defendant Craig J. Millard

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on this 23rd day of November, 2010, a copy of this document was served electronically upon the following counsel of record:

     Kelly A. Campbell
     Chad C. Beaver
     J. Loyd Gattis
     kcampbell@spencerfane.com
     cbeaver@spencerfane.com
     lgattis@spencerfane.com
     Attorneys for Plaintiff Hillcrest Bank

and that a copy was also deposited for delivery via U.S. Mail upon the following:

     Charles L. Castor, Jr.
     919 State Highway 361
     Suite 101
     Newport Dunes Golf Club
     Port Aransas, Texas, 78373
     Defendant Pro Se

                    s/ Catherine C. Theisen
                    Catherine C. Theisen