## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BANK MIDWEST, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10-2387-JAR-DJW |
| v. | ) | |
| | ) | |
| | ) | |
| CRAIG J. MILLARD, et al., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Leave to Amend Answer with Additional Claims (ECF No. 46).  Defendant seeks leave to amend its answer pursuant to Fed. R. Civ. P. 15(a)(2).  Plaintiff opposes the motion on the grounds that Defendant's motion was filed with undue delay and dilatory motive, would be prejudicial to the Plaintiff, and on the grounds that the proposed amendments would be futile.  For the reasons set forth below, the motion is denied.

Under Federal Rule of Civil Procedure 15(a)(1)(A), a defendant may amend its answer once as a matter of course within 21 days after serving it.  Otherwise, a party may amend "only with the opposing party's written consent or the court's leave."  The court should freely give leave when justice so requires."[1]  The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent abuse of that discretion.[2]  Leave to amend should be denied when the court finds "undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments

---

[1] Fed. R. Civ. P. 15(a)(2).
[2] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

previously allowed, or futility of amendment."[3]  For purposes of Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[4]  Courts have found that undue prejudice often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[5]

In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities.[6]  The Tenth Circuit has recognized that Rule 15 is intended to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.[7]

The Scheduling Order (ECF No. 28) set a March 19, 2012 deadline for filing motions to amend the pleadings.  Defendant did not file his motion until July 13, 2012.  Defendant explains his belated attempt to amend his Answer by stating it was his belief that his previous attorney had made these facts known to Plaintiff's attorney.  Defendant claims the proposed amendments "are critical" for his defense and his "failure to follow the proper procedure in confirming that these facts are made known must not prejudice the Defendant's defense."[8]  Specifically, Defendant argues that noticing errors by the Trustee in the foreclosure sale of Defendant's real property "chilled the bidding" on his property, thus resulting in the Plaintiff's purchase of

---

[3] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).
[4] *Carefusion 213, LLC v. Prof=l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010).
[5] *Id.*
[6] *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989).
[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).
[8] Defendant Craig Millard's Motion to Amend Answer with Additional Claims, (ECF No. 46).

Defendant's property in an unfair manner and at a price that created a deficiency in amounts owing Plaintiff.

In response, Plaintiff asserts Defendant became aware of each of the alleged deficiencies in the foreclosure notice at least seven months prior to the filing of his Motion to Amend. Plaintiff asserts that no attempt was made to amend the pleadings to include this defense until seven months after the allegedly deficient foreclosure sale and almost four months after the Scheduling Order's deadline to amend his pleading.  Additionally, Plaintiff argues granting the motion at this late date would unduly prejudice Plaintiff, as discovery has ended and would have to be re-opened so that Plaintiff could adequately investigate Defendant's claim.  Plaintiff contends that granting the motion would also require allowing Defendant more time to designate and depose experts regarding the fair market value of the property.  Lastly, Plaintiff argues Defendant's proposed amendments would be futile, inasmuch as Defendant waived any right he may have had to an offset when he agreed to the "consent and waiver" provisions "that expressly preclude Defendant from avoiding his absolute and unconditional obligations."[9]

The Court, in its discretion and applying the relevant standards under Rule 15(a)(2), finds that Defendant should not be permitted to amend his answer.  Defendant has not adequately explained his delay in filing the motion to amend.  The Scheduling Order provided a deadline of March 19, 2012 for motions to amend the pleadings.  The allegedly deficient notice in question occurred on January 3, 2012, more than two months prior to the deadline for motions to amend. Additionally, the June 15, 2012 deadline for the completion of discovery passed almost one month prior to Defendant's motion to amend.  Defendant's belief that his previous attorney had

---

[9]Plaintiff Bank Midwest's Opposition to Defendant Millard's Motion for Leave to Amend Answer with Additional Claims (ECF No. 50) at 8.

made these facts known to Plaintiff's counsel does not provide a sufficient basis to overcome a finding of undue delay.  Defendant's motion to amend his answer was filed with undue delay.

Additionally, Plaintiff has shown it would be unduly prejudiced by allowing the proposed amendments.  The deadline for discovery has passed, and the final pretrial conference has been held.  The addition of these new facts would require discovery to be re-opened to allow for Plaintiff to investigate.  Granting the motion would also require permitting Defendant additional time to designate and depose experts although the deadline for experts passed on May 15, 2012.  Plaintiff has shown that granting the motion would unduly prejudice Plaintiff.  The additional time and expense that would be incurred by both Plaintiff and the Court are unnecessary and unjustifiable in light of Defendant's undue delay, and constitutes another basis upon which the Court denies Defendant's Motion to Amend.[10]

Lastly, Defendant has failed to provide the Court a copy of the proposed amended pleading, in violation of D. Kan. Rule 15.1(a).  Local Rule 15.1(a) states that a party filing a motion to amend must: "(1) set forth a concise statement of the amendment or leave sought (2) attach the proposed pleading or other document; and (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6."

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for Leave to Amend Answer with Additional Claims (ECF No. 46) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 12th  day of September, 2012.

---

[10]*See Sprint Communications Co. L.P. v. Vonage Holdings Corp*., 500 F. Supp. 2d 1290, 1348 (D. Kan. 2007)(affirming the magistrate judge's denial of motion to amend for undue delay where granting motion would have required additional expert reports, the re-opening of discovery, and more dispositive motions).

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge