IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BANK MIDWEST, N.A.,                    )
                                       )
                    Plaintiff,         )
v.                                     )
                                       )      Case No. 10-2387-JAR
                                       )
CRAIG J. MILLARD, et al.,              )
                                       )
                    Defendants.        )
_____ )

MEMORANDUM AND ORDER

Currently before the Court is Plaintiff Bank Midwest, NA's ("Bank Midwest")

uncontested request for attorneys' fees as part of its Motion for Summary Judgment, as

supplemented (Docs. 48, 58).[1]  Although uncontested, the Court will analyze the reasonableness

of Bank Midwest's fee request.[2]  After review, the Court grants Plaintiff's request for attorneys'

fees.

I.      Background

On September 24, 2012, this Court entered summary judgment in Bank Midwest's favor

on its claims to collect on Guaranties made by Defendant, Craig J. Millard (Doc. 54).  The Court

also determined that Bank Midwest was entitled to recover its attorneys' fees pursuant to its

---

[1]Defendant did not file an opposition to Plaintiff's initial request for fees in its Motion for Summary Judgment or to the supplemental exhibits in support of the motion filed per the Court's directive, and the time for filing any opposition has passed.  Pursuant to D. Kan. Rule 7.4(b), the Court considers Plaintiff's motion uncontested.

[2]*See Wilkinson v. I.C. Sys., Inc.*, No. 09-2456-JAR, 2011 WL 5304150, at *2 (D. Kan. Nov. 1, 2011) (explaining that the "lack of a response does not foreclose review and analysis of the request for fees") (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249-50 (10th Cir. 1998)).

breach of contract claims seeking to recover on the Guaranty Agreements.[3]  The summary judgment order constitutes a judgment against Defendant by reason of the breach of the Guaranties, and Bank Midwest is entitled to its reasonable attorneys' fees.  Thus, the issue before the Court is whether Bank Midwest's requested fee amount of $562,896.09 is reasonable.  At the Court's directive, counsel for Bank Midwest has submitted detailed evidence to establish the reasonableness of the Bank's request for attorneys' fees, specifically, detailed and contemporaneous time records for the Court's review (Doc. 58).

## II.     Discussion

In analyzing requests for attorneys' fees, Kansas courts consider the factors enumerated in Kansas Rule of Professional Conduct ("KRPC") 1.5(a): (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services, and (8) whether the fee is fixed or contingent.[4]  A trial judge, based upon experience and knowledge of the legal profession, is deemed an expert on attorney's

---

[3]*See Terra Venture Inc. v. JDN Real Estate-Overland Park, LP*, 242 F.R.D. 600, 602 (D. Kan. 2007) (citing *Wilkerson v. Brown*, 995 P.2d 393, 395 (Kan. Ct. App. 1999)) (explaining that under Kansas law an award of attorneys' fees is allowed if authorized by express contractual agreement).  The Loan Documents in this case all state that the contracts are governed by the laws of Kansas.

[4]*See Johnson v. Westhoff Sand Co.,* 135 P.3d 1127, 1135–36 (Kan. 2006).

fees and may draw on that expertise in rendering an award in a particular case.[5]  The determination of the reasonable value of attorney's fees lies within the sound discretion of the trial court.[6]

The Court has conducted an analysis of the detailed time records submitted by Bank Midwest and finds that the billed hours are reasonable.  Although this lawsuit was primarily a breach of contract action, there were related foreclosure and bankruptcy proceedings that required the services of three law firms at various times and various venues.  The law firm of Lewis Rice & Fingerish ("Lewis Rice") was retained to attempt to resolve the default by Defendants and ultimately file the Complaint in these proceedings.  The law firm of Bracewell & Giuliani, LLP ("Bracewell") was retained in connection with the bankruptcy of the Borrower and the foreclosure on the real property.  And, the law firm of Spencer Fane Britt and Browne LLP ("Spencer Fane") appears to have taken over for Lewis Rice, and was retained to represent Bank Midwest in these proceedings, after Bracewell obtained relief from stay in the bankruptcy proceedings.  The vast majority of fees requested, $436,808.02, was paid to Bracewell in connection with the foreclosure and bankruptcy proceedings, which involved preparing the documents necessary for foreclosure and appointment of the receiver, filing proofs of claim and a motion to lift stay, conducting discovery and instituting an agreed-upon stay for marketing efforts related to the real property, obtaining and creating a DIP loan facility to keep a golf course on the property operational, overseeing the use of Bank Midwest's cash collateral, and obtaining an order lifting stay.  Lewis Rice and Spencer Fane also aggressively represented Bank

---

[5]*Thoroughbred Assocs., LLC v. Kansas City Royalty Co., LLC,* 248 P.3d 758, 774 (Kan. Ct. App. 2011).

[6]*See City of Wichita v. BG Prods., Inc.,* 845 P.2d 649, 653 (Kan. 1993).

Midwest's interests in these proceedings, filing several successful motions with this Court. Overall, the Court is satisfied that no billed attorneys' fees are unnecessarily duplicative,[7] and the Court determines that the time and labor expended by counsel for Bank Midwest is reasonable.

The Court also analyzed the billing rate for each time keeper that billed for this lawsuit. Bank Midwest's motion includes affidavits from a representative of each law firm outlining the billing rate for each time keeper and explaining the firm's billing protocol.  The affidavits state that the charged rates are "not excessive, redundant or otherwise unnecessary," and are "reasonable and necessary given the complexity of the legal issues involved."  The affidavits of Lewis Rice and Spence Fane further state that the hourly rates charged were "consistent with the prevailing market rates in Kansas City for similar services by lawyers and paralegals of reasonably comparable skills, experience and reputation"; the affidavit of Bracewell makes the same statement with respect to lawyers and paralegals in Texas, where the foreclosure and bankruptcy proceedings were filed.  The Court finds that the billing rates for the time keepers are reasonable.

Finally, the remaining factors also support the reasonableness of Bank Midwest's requested fee award.  The foreclosure and bankruptcy proceedings involved complex legal issues related to the project at issue, which comprised an almost 1000-acre mixed-use, coastal development, as well as the continued and unsuccessful objections of the Borrower to Bank Midwest's enforcement of its lien rights.  Likewise, counsel in these proceedings succeeded in

---

[7]*See Robinson v. City of Edmond*, 160 F.3d 1275, 1285, n.10 (10th Cir. 1998) ("The term 'duplicative' in the context of attorney's fee requests usually refers to situations where more than the necessary number of lawyers are present for a hearing or proceeding or when multiple lawyers do the same task.").

obtaining dismissal of Defendant Millard's counterclaim as well as summary judgment in the amount of approximately $26 million, plus interest, in the Bank's favor.  And, Bank Midwest engaged counsel on an hourly basis.  Given consideration of all of the factors under KRPC 1.5, the Court determines that Bank Midwest's request should be granted and awards Bank Midwest attorneys' fees in the amount of $562,896.09.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Bank Midwest's request for attorneys' fees is granted in the amount of $562,896.09.

**IT IS SO ORDERED.**

Dated: November 20, 2012

 S/ Julie A. Robinson 

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE